UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-23320-CIV-MARTINEZ

DIANNA CRAVENER and CHRISTIANAH ADARAMAJA, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

SEDUCTION COSMETIC CENTER CORP.,

    Defendant.

_____/

## ORDER GRANTING IN PART MOTION TO STAY PENDING GLOBAL MEDIATION

**THIS CAUSE** came before this Court on Plaintiff Dianna Cravener and Defendant's Joint Motion for Stay (the "Motion"), (ECF No. 17). On February 16, 2023, Ms. Cravener and Defendant filed the Motion, which requests that this Court stay this action pending a global mediation and stated that the mediation would include the plaintiff in a class action filed in Florida state court, *Aguilar v. Seduction Cosmetic Center Corp.*, No. 2023-001542-CA-01 (Fla. 11th Cir. Ct.). (*Id.* at 2.) On February 21, 2023, Ms. Cravener and Defendant notified this Court that the global mediation was scheduled to be mediated by Steven R. Jaffe, Esq., on April 19, 2023, at 2:00 p.m. (ECF No. 18 at 1.) On March 3, 2023, Defendant removed another action to the Southern District, which was transferred to this Court on March 7, 2023. Order of Transfer 1–2, *Adaramaja v. Seduction Cosmetic Center Corp.*, No. 23-20855-CIV-MARTINEZ (S.D. Fla. Mar. 7, 2023), ECF No. 6. On March 10, 2023, Ms. Adaramaja and Defendant filed a status report in which they informed this Court that they did not oppose consolidating their action with *Cravener* and Ms. Adaramaja would attend the global mediation on April 19, 2023. Joint Status Report, *Adaramaja v. Seduction Cosmetic Center Corp.*, No. 23-20855-CIV-MARTINEZ (S.D. Fla. Mar. 7, 2023), ECF No. 9. This Court then issued its Order Consolidating Case. (ECF No. 25 at 1.) Therefore, having reviewed the Motion, pertinent portions of the record, and applicable law and being

otherwise fully advised in the premises, this Court finds that the Parties have shown good cause to briefly stay this action pending the outcome of the global mediation because such a stay would not prejudice any party, conserve the Parties' resources, and best serve the judicial economy in light of the pending mediation. *See Zia v. CitiMortgage, Inc.*, No. 15-23026-CIV, 2016 WL 1230697, at *3 (S.D. Fla. Mar. 22, 2016); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("District Court[s have] broad discretion to stay proceedings as an incident to its power to control its own docket."). Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 17), is **GRANTED IN PART** as set forth herein.

2. This action is **STAYED** pending the outcome of the Global Settlement set for **Wednesday, April 19, 2023, at 2:00 p.m.** The Clerk is **DIRECTED** to automatically **LIFT** the stay on **Wednesday, April 26, 2023**.

3. The Parties **SHALL** file a joint status report that informs this Court about the outcome of the mediation and its effect on this action **on or before Wednesday, April 19, 2023**.

4. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this action for statistical purposes only and **DENY** all pending motions as **MOOT**. This shall not affect the Parties' substantive rights.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16 day of March, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record