UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-23320-JEM

CHRISTIANAH ADARAMAJA and
DIANNA CRAVENER, individually and
on behalf of all other similarly situated,

Plaintiffs,

v.

SEDUCTION COSMETIC CENTER
CORP,

Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY**

Defendant SEDUCTION COSMETIC CENTER CORP (hereinafter "Defendant") hereby files its Response in Opposition to Plaintiffs CHRISTIANAH ADARAMAJA and DIANNA CRAVENER's (hereinafter collectively referred to as "Plaintiffs") Motion to Stay (the "Motion") [D.E. 39], which states that this case should be stayed pending an opinion in *Drazen v. Pinto*, No. 21-10199 (11th Cir.). In opposition to Plaintiffs' Motion, Defendant states as follows:

**I.     INTRODUCTION**

This case arises from text messages allegedly sent to Plaintiffs by Defendant. On April 19, 2023, the Parties filed their Joint Status Report [D.E. 33] which stipulated to certain deadlines, setting April 28, 2023, as the deadline for the Plaintiffs to file their First Consolidated Class Action Complaint (the "Complaint") with Defendant's response being due on or before May 18, 2023. On April 28, 2023, Plaintiffs filed their Complaint [D.E. 34]. On May 10, 2023, the Court entered and Order requiring Defendant to respond to the Complaint by May 18, 2023 [D.E. 37].

CASE NO.: 1:22-cv-23320-JEM

On May 18, 2023, Defendant filed a Motion to Dismiss Plaintiffs' Complaint [D.E. 38] and asserted that Plaintiffs lack standing to bring the claims asserted in the operative Complaint, and, therefore, Defendant is entitled to dismissal. In response to Defendant's Motion to Dismiss Plaintiffs filed their Motion [D.E. 39] and have now asserted that this case should be stayed based on another unrelated case. Within Plaintiffs' Motion, Plaintiffs initiate their argument via asserting that Defendant's Motion to Dismiss is a "questionable tactic" inferring that Defendant removed the instant matter from State Court to Federal Court just to challenge jurisdiction thereafter. Although this honorable Court need not an explanation as to how Plaintiffs' claim is a misrepresentation to the Court as to what has occurred on the record to date, for sake of clarifying the record, Defendants have not engaged in such a "questionable tactic". Rather, Defendant concedes there is a Federal Question that bestows this Court with subject matter jurisdiction based on the claims asserted by Plaintiff (hence the Removal). Defendant's Motion to Dismiss [D.E. 38] moves this Court to dismiss the instant action because the Plaintiffs have no standing based on the allegations asserted as they have not and cannot establish they have incurred an injury-in-fact to establish Article III standing. Defendant's dispositive arguments would be asserted whether the matter was in State or Federal Court[1]. Moreover, it is Defendant's position that the Stay sought by Plaintiffs in the instant proceedings is, itself, a "questionable tactic" as this Court has already stayed this matter pending the outcome of global mediation, which Plaintiffs' unilaterally cancelled, and Plaintiffs, **_never_** raised, **_at any time,_** grounds to seek a stay pursuant to *Drazen v.*

---

[1] See Defendant's Motion to Dismiss filed on 5/3/23 in the matter of *Aguilar v. Seduction Cosmetic Center Corp*. Case No: 2023-001542-CA-01 in Miami Dade County, in which Defendant moved for a dismissal/stay as Aguilar's class action was filed *after* the instant lawsuit, raising identical claims and sought alternative relief to dismiss the lawsuit based on lack of standing relying on *Saleh v. Miami Gardens Square One, Inc*., 353 So.3d 1253 (Fla. 3d DCA 2023).

*Pinto*, No. 21-10199 (11th Cir.) which has been pending long before the parties sought the initial stay and long before Defendant filed its Motion to Dismiss.

## II. ARGUMENT

Within the present Motion, Plaintiffs argue that this case should be stayed pending an opinion in *Drazen v. Pinto*, No. 21-10199 (11th Cir.). Recently, in *Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022), the Eleventh Circuit held that it would certify a class for settlement only if all class members — named and unnamed — could establish Article III standing in the Eleventh Circuit. *Id*. at 1362. In doing so, the court built on *Spokeo, Inc. v. Robins*[2] and *TransUnion LLC v. Ramirez*[3], which together require absent class members to have standing before receiving post-trial damages.[4] Extending this trend, the Eleventh Circuit was the first circuit to hold that absent class members need standing to participate in settlement. *See Drazen*, 41 F.4th at 1362–63. Plaintiffs' Motion seeks to convince this Court to refuse to follow current law applicable to the circumstances and should be denied.

### i. *Drazen v. Pinto*

In August 2019, Susan Drazen filed a class action against GoDaddy in the Southern District of Alabama, alleging the company had violated the Telephone Consumer Protection Act[5] (TCPA) by calling or texting class members using an automatic telephone dialing system (ATDS).[6] Susan Drazen's case was consolidated with two similar cases.[7] In *Drazen*, the three named plaintiffs

---

[2] 136 S. Ct. 1540 (2016).
[3] 141 S. Ct. 2190 (2021).
[4] *See Spokeo*, 136 S. Ct. at 1549; *TransUnion*, 141 S. Ct. at 2204–05.
[5] 27 U.S.C. § 227.
[6] Complaint at 2 n. 8, 1-3, *Drazen v. GoDaddy.com, LLC*, No. 19-00563 (S.D. Ala. Dec. 23, 2020), 2019 WL 8014756; *Drazen v. GoDaddy.com, LLC*, No. 19-00563, 2020 WL 2494624, at *3, *6 (S.D. Ala. May 14, 2020)
[7] *See Drazen v. GoDaddy.com, LLC*, No. 19-00563, 2020 WL 8254868, at *1 (S.D. Ala. Dec. 23, 2020); *Bennett v. GoDaddy.com LLC*, No. CV-16-03908-PHX, 2019 WL 1552911 (D. Ariz. Apr. 8, 2019); *Herrick v. GoDaddy.com LLC*, 312 F. Supp. 3d 792 (D. Ariz. 2018).

defined the class as: "All persons within the United States who received a call or text message to his or her cellular telephone from Defendant . . ." 41 F.4th at 1356. The plaintiffs negotiated with GoDaddy and agreed to a proposed $35 million class settlement with two compensation options for each class member: $35 in cash or a $150 GoDaddy voucher and the Parties submitted this settlement to district court for approval. *Id.*[8] The Court counseled the parties to narrow the class definition, and the parties complied, by specifying that class members must have received texts or calls from an ATDS.[9]

During the proceedings in *Drazen*, the Eleventh Circuit decided *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), which held that receiving a single text was not a concrete injury and did not establish standing. *Id*. at 1165. Combining *Salcedo* with *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259 (11th Cir. 2019) which held that named plaintiffs must establish standing[10], the *Drazen* court ordered one of the named plaintiffs to be removed because he had received only one text. *Drazen v. GoDaddy.com, LLC*, No. 19-00563, 2020 WL 2494624, at *5 (S.D. Ala. May 14, 2020). The court then approved the revised class definition and acknowledged that about seven percent of (or ninety-one thousand) of absent class members had received only a single text, but reasoned that other circuits considered even one text message enough to establish standing. *Id*. at *6 (citing *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017); *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 92–95 (2d Cir. 2019)).

Quoting from the Fifth Circuit's decision in *In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), the *Drazen* court concluded that GoDaddy was "entitled" to settle these related but (in

---

[8] see Fed. R. Civ. P. 23(e)(2) (requiring court approval of a binding class action settlement).
[9] *Drazen*, 2020 WL 8254868, at *2.
[10] *Id*. at 1273

the Eleventh Circuit) meritless claims because *Drazen* was a nationwide settlement.[11] The court certified the class and preliminarily approved the settlement. *Drazen*, 41 F.4th at 1357. Class counsel moved for thirty percent of the settlement as attorneys' fees, and the court granted twenty-five percent fees.[12] Class member Juan Pinto objected that the court awarded fees too early, and that the settlement failed to calculate fees in accordance with coupon requirements in the Class Action Fairness Act of 2005 (CAFA). *Drazen*, 41 F.4th at 1357–58 (citing 28 U.S.C. § 1712(e)). The *Drazen* court approved the settlement, reducing attorneys' fees to twenty percent of the common fund and concluding that CAFA coupon requirements did not apply.[13] And, thereafter, Pinto timely appealed.[14]

The Eleventh Circuit vacated and remanded holding that the class did not have standing and remanded to allow revision of the class definition. *Drazen*, 41 F.4th at 1359, 1362–63. The Eleventh Circuit began by quoting *Spokeo*, which held that a plaintiff does not have standing simply because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1359 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)). Citing *Frank v. Gaos*, 139 S. Ct. 1041 (2019), the Eleventh Circuit noted the distinction between non-class litigation and class actions — because Rule 23(e) of the Federal Rules of Civil Procedure requires a court to approve a class action settlement, all named plaintiffs must have standing. *Drazen*, 41 F.4th at 1359–60.

The court then reached another "lodestar principle that guide[d] [its] analysis," which consisted of two takeaways from *TransUnion*: (1) a plaintiff "must demonstrate that history and

---

[11] *Drazen,* 2020 WL 2494624, at *6 (quoting *In re Deepwater Horizon*, 739 F.3d at 807).
[12] *Drazen v. GoDaddy.com, LLC*, No. 19-00563, 2020 WL 4606979, at *3 (S.D. Ala. Aug. 11, 2020).
[13] *Drazen v. GoDaddy.com, LLC*, No. 19-00563, 2020 WL 8254868, at *1, *3–4, *13 (S.D. Ala. Dec. 23, 2020).
[14] *Drazen*, 41 F.4th at 1358.

the judgment of Congress support a conclusion that there is Article III standing,"[15] and (2) "[e]very class member must have Article III standing in order to recover individual damages."[16] The Eleventh Circuit concluded that the logic of *TransUnion* — a class action that went to trial — should also apply to *Drazen* — a settlement-only class action. *Drazen*, 41 F.4th at 1360 (quoting *TransUnion*, 141 S. Ct. at 2208). To support this conclusion, the Eleventh Circuit highlighted that the district court had breezed over Cordoba's holding that absent class members must have standing to receive relief. *Id*. at 1361 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1274 (11th Cir. 2019)). The Eleventh Circuit concluded that the absent class members who had received a single text had not established a concrete injury required for standing in the Eleventh Circuit and remanded for a new class definition. *Id*. at 1362-63.

  **ii.**  **Regardless of the Relevance or Outcome of the En Banc Hearing in *Drazen*, the Court Lacks Jurisdiction Under Current Binding Eleventh Circuit Precedent.**

On March 13, 2023, the Eleventh Circuit vacated the panel decision in *Drazen* and ordered the appeal to be reheard en banc. *Drazen v. Godaddy.com, LLC*, No. 21-10199, 2023 WL 2468505 (11th Cir. Mar. 13, 2023). This may indicate a full reexamination of the *Salcedo* decision by the full Court of Appeals, or it may address only whether *Salcedo* properly should be extended from the "single text" context to the "single call" circumstances of *Drazen*.

Only after Defendant filed its Motion to Dismiss [D.E. 38] which raised a meritorious challenge to Plaintiffs' standing, did Plaintiffs choose to file their two-page Motion to Stay, and Plaintiffs have only now asserted that this case should not proceed based on *Drazen*. Although Plaintiffs have referred to "questionable tactics" on the part of Defendant, it is certainly

---

[15] *Drazen*, 41 F.4th at at 1360 (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204–05 (2021)).
[16] *Id*. (quoting *TransUnion*, 141 S. Ct. at 2208).

questionable that Plaintiffs did not mention *Drazen* or the purported necessity to stay this Case when the Parties conferred regarding their Joint Status Report [D.E. 33] which provided a deadline for Defendant to respond to Plaintiffs' operative complaint. It is obvious based on Plaintiffs' Motion to Stay that—if Plaintiffs' Motion to Stay is correct, which Defendant denies—Plaintiffs have been acting disingenuously by causing Defendant to incur costs to defend this action despite Plaintiffs' awareness of *Drazen*, and by attempting to obtain information from Defendant regarding Plaintiffs' proposed class to negotiate a settlement on behalf of Plaintiffs' proposed class despite the ongoing proceedings in *Drazen*, which Plaintiffs now claim prevent this case from being ripe for adjudication. If Plaintiffs were aware of *Drazen*, Plaintiffs should not have taken the above-mentioned actions prior to moving this Court to stay this case pending *Drazen*.

Regardless of the relevance or outcome of the en banc hearing in *Drazen*, the Court lacks jurisdiction under current binding Eleventh Circuit precedent. An "irreducible constitutional minimum," Article III standing ensures that each plaintiff is "a proper party to invoke judicial resolution of [a] dispute and the exercise of the court's remedial powers." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Ladies Mem. Assoc., Inc. v. City of Pensacola, Fla.*, 34 F.4th 988, 994 (11th Cir. 2022). Standing requires a plaintiff to allege (1) an "injury in fact," (2) that the injury is "fairly traceable" to the defendant's actions, and (3) that the injury would "likely" be "redressed by a favorable decision." *See Lujan*, 504 U.S. at 560–61. Because the "standing doctrine stems directly from Article III's 'case or controversy' requirement," it "implicates [a federal court's] subject matter jurisdiction." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021).

CASE NO.: 1:22-cv-23320-JEM

In *Salcedo v. Hanna*, the Eleventh Circuit determined that a plaintiff who pleads receipt of a single text message which caused injuries such as "wast[ing] time," making his phone "unavailable for otherwise legitimate pursuits," and "invasion of Plaintiff's privacy and [a deprivation of his] right to enjoy the full utility of his cellular device" does not meet the threshold concreteness requirement for Article III standing set forth in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). 936 F. 3d 1162, 1167 (11th Cir. 2019). At present, *Salcedo* remains the law of the Circuit. *See Alvarez v. ExxonMobil Oil Corp.*, 23-20924-CIV, 2023 WL 3043408, at *2 (S.D. Fla. Apr. 21, 2023). And while it is entirely possible that the *Drazen* panel will ultimately decide that *Salcedo* was wrongfully decided, that is not the lay of the land right now. *Id*. Accordingly, as explained in Defendant's Motion to Dismiss[17] Plaintiffs' operative Complaint, this Court lacks subject matter jurisdiction of Plaintiffs' claims in this case. *Id.*

### III.   CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion to Stay should be denied.

Dated: May 22, 2023

Respectfully submitted,

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

---

[17] Defendant's Motion to Dismiss [D.E. 38] is hereby fully incorporated and reasserted herein by reference.

CASE NO.: 1:22-cv-23320-JEM

        COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant *SEDUCTION COSMETIC CENTER CORP*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6464
Facsimile (305) 373-2294
Primary e-mail: andrew.simon@csklegal.com
Secondary e-mail: nicholas.nashII@csklegal.com

By: *s/ Nicholas M. Nash, II*
    ANDREW G. SIMON
    Florida Bar No.: 1002623
    NICHOLAS M. NASH, II
    Florida Bar No.: 1017063

0432.0493-00/-1